**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL ACTION NO. 12-518-JGW**

**ROBERT SCHEINER**                                                               **PLAINTIFF**

**V.**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Pending is defendant's motion for summary judgment. Doc. 18. After considering the record and the applicable law, the Court concludes that the motion will be granted.[1]

**I. Factual and Procedural History**

Defendant Portfolio Recovery Associates, LLC ("Portfolio") purchased an account in 2007 containing a credit card debt allegedly owed by plaintiff, Robert Scheiner. Doc. 20, p. 2. Defendant then began to attempt to collect the debt, initially by sending plaintiff a letter in May 2007.[2] *Id.* Defendant subsequently placed multiple phone calls to plaintiff.

In July 2012, plaintiff filed a complaint based on the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. 1692 *et seq*. Doc. 1. Plaintiff states that Portfolio is a debt collector that has placed "frequent and excessive collection calls to Plaintiff in an attempt to collect an allegedly due and owed credit card account." *Id.* at p. 2. Specifically, plaintiff contends that "[b]eginning approximately two years prior and continuing into at least September 2011,

---

[1] All parties have consented to disposition by the magistrate judge pursuant to 28 U.S.C. §636(c). Docs. 7-8.

[2] The information in this paragraph regarding Portfolio's acquisition of plaintiff's debt is derived from the affidavit of Timothy Rees, a vice-president for Portfolio. Plaintiff has not challenged the accuracy of the relevant portions of the affidavit's contents.

Defendant has called Plaintiff approximately 2-3 times per week with the intent of annoying or harassing him." *Id.* at p. 2-3. Plaintiff also alleged in the complaint that defendant "frequently hangs up on the Plaintiff and does not respond when he picks up the telephone."[3] *Id.* at p. 3. Finally, plaintiff contended that he "has informed the Defendant that the original debt was paid off . . . several years prior"[4] but "[d]espite being so informed, Defendant continues to place frequent and repeated collection calls to Plaintiff and continues to attempt to collect the debt from him." *Id.*

Though the complaint contained only one enumerated count, that count alleges that defendant violated the Act in three ways. First, plaintiff generally contends that defendant "violated [15 U.S.C.] *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."[5] *Id.* Plaintiff

---

[3]At his deposition, plaintiff was shown a call log prepared by defendant for calls placed between July 2011 and July 2012. Doc. 19-1, p. 17 (Plaintiff's Depo., p. 62-63). Plaintiff, who has not presented any type of call log of his own, testified that he had no reason to question the accuracy of the call log prepared by defendant. That call log showed that defendant had made twenty-nine calls to plaintiff, each of which lasted either zero seconds or more than twenty seconds. Plaintiff's Depo., p. 66. When asked "[s]o if the shortest call that you didn't end yourself lasted 46 seconds, how would that correspond to your indication that they frequently hung up on you when you answered[,]" plaintiff generically responded "[t]hey would never be there. I only vaguely remember once or twice. That's all I can remember." *Id.* at p. 67. Shortly thereafter defendant's counsel asked plaintiff "[s]o when you say they frequently hung up on you in this complaint, you mean once or twice?" *Id.* Plaintiff responded simply "[y]es." *Id.* Plaintiff does not rely upon–or even mention--defendant purportedly hanging up on him in his response to defendant's motion for summary judgment.

[4]Contradicting the allegation in his complaint, at his deposition plaintiff answered "[n]o" when asked if he "ever pa[id] off the debt[.]" Doc. 19-1 (Plaintiff's Depo p. 26). Plaintiff therefore does not rely upon his allegedly having told defendant he had already paid off the debt in his response to defendant's motion for summary judgment.

[5]15 U.S.C. §1692d provides in relevant part:
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a

2

then alleges that defendant "violated *§1692d(5)* by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* Finally, plaintiff alleges that defendant "violated *§1692e* by using any false, deceptive, or misleading representation or means in connection with the collection of a debt."[6] *Id.* Plaintiff asks the Court to award him $1,000 in statutory damages and costs and reasonable attorney fees,[7] as well as the boilerplate request for "[a]ny other relief that this Honorable Court deems appropriate." *Id.* at p. 3-4.

Defendant filed its motion for summary judgment on September 2, 2013 [doc. 18], to which plaintiff responded on September 25, 2013. Doc. 21. Defendant filed its reply on October 9, 2013 [doc. 22], meaning that the motion for summary judgment is fully briefed and ready for adjudication.[8]

---

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

[6]15 U.S.C. §1692e provides in relevant part that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

[7]15 U.S.C. §1692k(a) provides in relevant part that "[e]xcept as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
(1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . ." Because defendant is entitled to summary judgment on all three of plaintiff's claims, plaintiff's request for statutory damages and fees and costs is moot.

[8]In its answer, defendant denied that it was a "third-party debt collector." Doc. 5, p. 2. However, defendant's motion for summary judgment contains no allegation that it is not a debt collector or that plaintiff is not a consumer for purposes of being covered by the Act. The Court, therefore, will presume that the Act applies to plaintiff and defendant.

3

**II. Analysis**

   **A. Summary Judgment Standard of Review**

Summary judgment is proper only if the facts on file with the court demonstrate that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party may discharge its burden by "pointing out . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party cannot rest on its pleadings, but must identify specific facts that remain in dispute for the finder of fact at trial. *See id.* at 324. Although all inferences are drawn in favor of the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), the nonmoving party must present significant and probative evidence in support of its complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

The court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether a genuine issue of material fact remains for a fact finder at trial. *Id.* at 249. The inquiry is whether the evidence presents a "sufficient disagreement to require submission [of the case] to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The court reviewing a summary judgment motion need not search the record in an effort to establish the lack of genuinely disputed material facts. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the nonmoving party to present affirmative evidence to defeat a properly supported motion, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989), and to designate specific facts that are in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

### B. Continuing Violation Theory Inapplicable

As previously noted, plaintiff's July 2012 complaint alleged that defendant called him "approximately 2-3 times per week" starting "approximately two years prior and continuing into at least September 2011[.]" Doc. 1, p. 2.  However, the statute of limitations for suits brought under the Act is one year.  *See* 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*.") (emphasis added).  Generally, a Court "will not extend the statute of limitations by even a single day." *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010) (quotation marks and citation omitted).  Defendant therefore asks the Court to not consider calls it placed more than one year prior to plaintiff filing his complaint. Plaintiff, in turn, asks the Court to consider all calls placed by defendant–even those placed more than a year before the complaint was filed--under the continuing violation theory.

Courts "are not of a single view as to how the one-year statute of limitations for the [Act] applies to a course of conduct, some of which occurred within the limitations period and some of which preceded it." *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp. 2d 1156, 1159 (N.D.Cal. 2003).  "Some courts have ruled that, in the case of multiple attempts to collect a debt, the statute of limitations begins to run upon the first attempt. A subsequent attempt to collect the debt does not trigger a new one-year period." *Camacho v. National Credit Adjustment Agency*, 2007 WL 760416, at *1 (E.D.Wash. March 8, 2007).  However, other courts "have recognized an exception to this rule when the defendant allegedly engaged in a pattern of conduct that collectively constitutes a single violation of the FDCPA." *Id.* at *2.  "[I]n cases involving a

pattern of conduct (as opposed to unrelated discrete acts), an FDCPA claim is timely . . . as long as the plaintiff files the claim within one year of the last act that constitutes a violation." *Id.*

The parties have not cited, nor has the Court independently located, binding Sixth Circuit or Supreme Court precedent on this point. However, the Court need not determine whether the continuing violation theory should apply to claims made under the Act because in this case defendant's conduct was not sufficiently continuous and ongoing to apply the theory.

The continuing violation theory applies only if "the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts . . . ." *Joseph*, 281 F.Supp.2d at 1161. *See also Harper v. BP Exploration & Oil, Inc.*, 134 F.3d 371, at *4 (6th Cir. 1998) (unpublished) ("Under the continuing violations doctrine, where there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period.") (quotation marks and citation omitted). Accordingly, a break or gap in the continuity of the purportedly improper acts means that the theory will not be applied. *See, e.g.*, *Rose v. Port Authority of New York and New Jersey*, 13 F.Supp.2d 516, 520-21 (S.D.New York 1998).

Defendant's account notes, the accuracy of which plaintiff has not challenged, provides that defendant first called the phone number in question[9] on March 18, 2010. Doc. 22-6, p.5. The last call occurred on October 27, 2011. *Id.* at p. 2. In those approximately nineteen months, defendant made no calls between October 2010 and July 2011. *Id.* at p. 2-3. In other words,

---

[9]The account notes show calls to another number ending in 4982 prior to March 2010 but plaintiff's complaint states that defendant violated the Act by calling a phone number ending in 1289. Doc. 1, p. 3. Accordingly, the calls to any other number(s) are not encompassed by the plain language of plaintiff's complaint.

defendant placed no calls to plaintiff for slightly under half of the nineteen month period in question (about nine of the nineteen months). The Court agrees with defendant that such a marked, significant gap leads to the conclusion that defendant's acts were not sufficiently continuous to invoke the continuous violation theory. "To argue otherwise is to ignore the meaning of 'ongoing' and 'continuous.'" *Harper*, 134 F.3d at *4.[10] Accordingly, plaintiff may rely only upon (and consequently the Court will only consider) acts that took place within one year prior to the filing of the complaint.

### C. Section 1692d(5) Claim

The heart of plaintiff's complaint is his contention that Portfolio violated 15 U.S.C. §1692d(5) by frequently calling his (plaintiff's) telephone. To be actionable under that subsection, a debt collector must have caused a telephone to ring "repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." The parties disagree about whether the fact that defendant made twenty-nine calls to plaintiff within the one year limitations period (all of which were placed between July and October 2011, *see* Doc. 22-6, p. 2) demonstrates a call frequency great enough to survive summary judgment.

"There is no bright line rule regarding the number of calls which creates the inference of intent" to annoy or harass under §1692d(5). *Hicks v. America's Recovery Solutions, LLC*, 816 F.Supp.2d 509, 515 (N.D.Ohio 2011). Because there will generally be no direct evidence of a defendant's intent, courts "have followed the Federal Trade Commission's interpretations, finding that the term 'repeatedly' means 'calling with excessive frequency under the

---

[10]Though *Harper* did not involve claims made under the Act, its discussion of the parameters of the continuous violation theory is nonetheless applicable to plaintiff's claims.

7

circumstances,' and that 'continuously' means 'making a series of calls, one right after the other.'" *Id.* (quoting *McVey v. Bay Area Credit Service*, 2010 WL 2927388, at *6 (N.D.Tex. July 26, 2010)). Courts also "may consider the 'frequency, persistence, and volume of the telephone calls' to determine intent, [but] the mere fact that a call is unwelcome is 'insufficient to constitute a violation of the FDCPA.'" *Hicks*, 816 F.Supp.2d at 515 (quoting *Martin v. Select Portfolio Serving Holding Corp.*, 2008 WL 618788 (S.D.Ohio Mar. 3, 2008)). Finally, "a significant disparity between the number of telephone calls placed by the defendant and answered by the plaintiff may suggest difficulty in reaching the plaintiff rather than intent." *Hicks*, 816 F.Supp.2d at 515.

The call log presented by defendant–the accuracy of which plaintiff has not challenged–shows that defendant placed twenty-nine calls to plaintiff between July 29, 2011 and October 27, 2011. Doc. 22-4, p. 2. The call log shows that twenty-three of the twenty-nine total calls (79%) had zero seconds of talk time–i.e., were unanswered. The high percentage of unanswered calls suggests defendant had difficulty reaching plaintiff rather than an intent to annoy or harass. *Hicks*, 816 F.Supp.2d at 515. In addition, defendant waited at least a week to call again following each of the seven occasions which plaintiff answered (*see* Doc. 22-4, p. 2),[11] which weighs against a presumption of continuous calling. *See, e.g., Joseph*, 238 F.Supp.2d at

---

[11]On July 29, 2011 plaintiff and a representative of defendant talked for sixty-five seconds. Defendant did not call again until August 6, 2011. Doc. 22-4, p. 2. On August 30, 2011 plaintiff and a representative of defendant spoke for forty-six seconds; defendant did not call again until September 8, 2011. *Id.* The call log shows a seventy-two second long conversation on September 12, 2011; defendant did not call again until September 20, 2011. *Id.* After an eighty second conversation on September 20, 2011, defendant did not call back until October 5, 2011. *Id.* After a twenty-six second conversation on October 5, 2011, defendant did not call back until October 14, 2011. *Id.* The next conversation occurred on October 27, 2011. *Id.*

8

1168 (holding that triable issue of fact existed on §1692d(5) claim due to defendant calling back the same day after speaking with plaintiff); *Lovelace v. Stephens & Michaels Associates, Inc.*, 2007 WL 333019, at * (E.D.Mich. Nov. 9, 2007) (holding that "[r]epeatedly calling a number after the debtor or another party hangs up may violate §1692d(5)). Moreover, "[t]he evidence before this Court indicates that none of the calls were made excessively early in the morning or late in the evening." *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492, 506 (D.Md. 2004).[12]

Courts have come to seemingly inconsistent conclusions regarding whether summary judgment is appropriate on §1692d(5) claims.[13] However, taking into account all the facts and circumstances of this case, the Court concludes that defendant is entitled to summary judgment. Defendant did not call plaintiff at work or at excessively early or late hours, nor did defendant call back soon after speaking to plaintiff. In addition, defendant successfully spoke to plaintiff on only seven of the twenty-nine calls. Moreover, defendant did not call daily. Accordingly, as the court held in *Saltzman*:

> Beyond the broad allegations contained in h[is] Complaint, Plaintiff has failed to point to any specific circumstances surrounding these telephone calls that would show any intent, on the part of Defendant, to harass, annoy or abuse. Plaintiff has

---

[12] 15 U.S.C. §1692c(a)(1) provides that without prior consent a debt collector may call a consumer between 8 a.m. and 9 p.m. The call log shows that the earliest call was placed at 8:03 a.m. on August 26, 2011 and the latest call was 8:34 p.m. on October 14, 2011. *See* Doc. 22-4.

[13] Compare, e.g., *Akalwadi*, 336 F.Supp.2d at 506 (Twenty-eight calls in approximately two months sufficient to create a triable issue); *Saltzman v. I.C. System, Inc.*, 2009 WL 3190359, at *6-7 (E.D.Mich. Sept. 30, 2009) (granting summary judgment to defendant which placed between twenty and fifty unsuccessful calls and between two and ten successful calls to plaintiff in approximate five week period); *Sanchez v. Client Services, Inc.*, 520 F.Supp.2d 1149, 1160-61 (N.D.Cal. 2007) (granting summary judgment to plaintiff when defendant placed fifty-four calls to plaintiff in approximately eighteen months).

9

> not pointed to any evidence in the record regarding the amount, frequency, pattern, or content of Defendant's calls that would suggest anything other than a legitimate, albeit persistent, effort to reach h[im]. As the FDCPA does not prohibit such legitimate attempts to contact a debtor, and due to Plaintiff's failure to produce evidence demonstrating a genuine issue of material fact, Defendant is entitled to summary judgment in its favor on this claim.

2009 WL 3190359, at *7 (footnote omitted).

### D. Section 1692d Claim

15 U.S.C. §1692d provides in relevant part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." In addition to his specific claim that the volume of telephone calls from defendant violated §1692d(5), plaintiff's complaint contains a general claim under §1692d. The complaint, however, merely regurgitates the statutory language by generically asserting that "[d]efendant violated §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Doc. 1, p. 3. Although it did not file either a motion to dismiss or for more definite statement, defendant noted in its motion for summary judgment that "[t]o date, Portfolio is unsure of the grounds for Scheiner's Section 1692d claim." Doc. 18, p. 11.

In his response to defendant's motion for summary judgment, plaintiff fleshes out the vague claim in his complaint by asserting that his §1692d claim is premised upon his (plaintiff's) continuing to receive calls from defendant after having orally asked defendant to stop calling. Doc. 21, p. 13-14 ("Here, the Defendant's own account notes demonstrate that Plaintiff repeatedly told Defendant to stop calling and that even after these requests were made, Defendant continued to call Plaintiff. From this, a reasonable juror could conclude Defendant was calling with the intent of annoying or harassing the Plaintiff."). A debt collectors's refusal

to honor a consumer's oral request to cease calling, however, is not sufficient–at least under the facts of this case–to survive summary judgment.

The calls at issue in this case did not occur daily but even "[d]aily calls do not raise an issue of fact as to harassment." *Bancroft v. Afni Inc.*, 2013 WL 3791465, at *4 (N.D.Ohio July 19, 2013). Moreover, plaintiff has not pointed to any specific conduct by defendant (threats, usage of rude or profane language, etc.) which would lead to a conclusion that defendant intended to annoy, abuse or harass plaintiff. *See, e.g., Saltzman*, 2009 WL 3190359, at *7. To the contrary, the undisputed transcript of two calls between defendant and plaintiff show that plaintiff used profanity and language which could be considered threatening. *See* Doc. 18-4, p.2 (transcript of July 29, 2011 phone conversation in which plaintiff stated "And [if] I hear one more (inaudible), I'm going to get your ass, mother f*&^%$!"); Doc. 18-5, p.2 (transcript of September 12, 2011 phone conversation in which plaintiff told a representative of defendant to "[g]o f&^% off!").

Finally, the Act requires a debt collector to honor only a consumer's written request to cease further communications. 15 U.S.C. §1692c(c) ("If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ."). Accordingly, plaintiff's oral request[14] to defendant to cease calling was legally ineffectual under the Act. *Saltzman*, 2009 WL 3190359,

---

[14]Although even a timely verbal request is insufficient under the Act, at least one oral request of plaintiff's was also untimely because it was made more than one year prior to the filing of the complaint. Doc. 18-2, p. 4 (showing that plaintiff asked defendant to stop calling him on May 18, 2010).

11

at *7; *Erickson v. Messerli & Kramer P.A.*, 2011 WL 1869044, at *7 (D.Min. May 16, 2011) ("Plaintiffs also assert that calls placed after the September 3, 2009 phone call, during which Diane Erickson exclaimed 'Don't call us anymore! ... No! You cannot call us ...' violate the FDCPA for failure to cease calling in violation of § § 1692d and 1692d(5). The Court disagrees and dismisses this claim as a matter of law. In order to constitute a cease demand under the FDCPA, the demand must be in writing. Here, there is no evidence that Plaintiffs ever made a written demand that Defendant cease communication. The Court acknowledges that Plaintiffs have not brought claims under § 1692c(c), but instead argue that Diane's verbal directive not to call anymore violated § § 1692d and 1692d(5). However, Plaintiffs have failed to put forth any basis for finding that Defendant's failure to heed Diane Erickson's verbal demand to stop calling constitutes a violation of the FDCPA.") (internal citations omitted); *Starkey v. Firstsource Advantage, LLC*, 2010 WL 2541756, at *5 (W.D.N.Y. Mar. 11, 2010) ("It is irrelevant whether plaintiff made a verbal request to defendant to cease the debt collection calls, the statute explicitly provides for notice in writing and such notice, in writing, was never provided. Therefore, the debt collection calls continued even after her March 26, 2007 conversation with defendant wherein she claims to have requested the calls to cease because her verbal request was insufficient under the statute.").  In short, taking into account all of the relevant facts and circumstances, the Court concludes that defendant is entitled to summary judgment on plaintiff's §1692d claim.

### E.  Section 1692e Claim

15 U.S.C. §1692e provides in relevant part that "[a] debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt." As with his previous claim, plaintiff's complaint merely parrots back the language of the statute when it states that "[d]efendant violated §1692e by using any false, deceptive, or misleading representation or means in connection with the collection of a debt." Doc. 1, p. 3.

In his response to the motion for summary judgment, plaintiff expands on his complaint by contending defendant violated §1692e when it sent a letter in January 2012[15] "solicit[ing] partial payment, creating a misleading impression as to the consequences of that payment, while omitting material information related to the statute of limitations."[16] Doc. 21, p. 15. Specifically, plaintiff contends the letter is misleading because it does not mention that the debt is uncollectable due to the expiration of the statute of limitations.[17]

In an opinion the Court finds persuasive, the Third Circuit flatly rejected a claim similar

---

[15]*See* Doc. 21-3, p.2.

[16]Because no party has argued to the contrary, the Court will presume that the debt at issue is outside the relevant statute of limitations.

[17]Plaintiff also appears to superficially argue that the amount of the debt listed in the letter ($1,966.40) is incorrect when he states that "[p]laintiff recalls the original debt being $200; Defendant is seeking to collect approximately $2,000. In its *Motion for Summary Judgment*, Defendant provides no evidence as to how it arrived on this figure, actually relying on the *Plaintiff's recollections* of what the interest rate on the original Capital One credit card *may* have been." Doc. 21, p.16. However, as the party making the seeming assertion that defendant violated §1692e by mis-stating the amount of the debt, plaintiff bears the burden to show that the amount defendant claims plaintiff owes is incorrect. Plaintiff has utterly failed to meet that burden. When asked at his deposition, plaintiff testified that the interest rate on the credit card was 25%. Doc. 19-1, p. 8. Plaintiff further testified that he paid no part of the original $200 debt. *Id.* Though he disputed the amount of the debt at his deposition, plaintiff testified that he "ha[d] no idea" what the proper balance should be. *Id.* at p. 13.
A consumer simply cannot meet his burden to show that a debt collector has mis-stated the amount of the debt if the consumer himself has no idea what the proper balance should be and has offered ***no*** specific evidence to contradict the evidence presented by the debt collector regarding the amount owed. In other words, plaintiff has pointed to nothing specific in the record to show that defendant misrepresented the amount of the debt.

to that made by plaintiff. *Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3d Cir. 2011). In

*Huertas*, the Third Circuit held in relevant part:

> Huertas's FDCPA claim against AMP turns on whether a debt collector may attempt to collect upon a time-barred debt without violating the statute. The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including falsely representing "the character, amount, or legal status of any debt," *id.* § 1692e(2)(A). The FDCPA also prohibits debt collectors from using unfair or unconscionable means of collecting a debt. *Id.* § 1692f.
>
> Although our Court has not yet addressed the issue, the majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts. We agree with the logic underlying those decisions and conclude that Huertas's FDCPA claim hinges on whether AMP's February 11, 2009, letter threatened litigation.
>
> Whether a debt collector's communications threaten litigation in a manner that violates the FDCPA depends on the language of the letter, which should be analyzed from the perspective of the least sophisticated debtor. AMP's letter indicates that Huertas's account has been reassigned, requests that Huertas call "to resolve this issue," includes a privacy notice informing him that Galaxy would be accessing his private consumer information, and, as required by 15 U.S.C. § 1692g(a), indicates that, if Huertas does not dispute the debt within thirty days of receiving the letter, AMP will assume the debt is valid. (App. 33.) At the bottom, the letter states, in bold, capital letters, "**THIS IS AN ATTEMPT TO COLLECT A DEBT**." (*Id.*)
>
> Even the least sophisticated consumer would not understand AMP's letter to explicitly or implicitly threaten litigation. Furthermore, the FDCPA requires debt collectors to inform a debtor "that the debt collector is attempting to collect a debt." 15 U.S.C. § 1692e(11). Since it is appropriate for a debt collector to request voluntary repayment of a time-barred debt, it would be unfair if debt collectors were found to violate the FDCPA both if they include the mandated language (because inclusion would threaten suit) and if they do not (because failure to include a mandatory notice violates the statute). Accordingly, Huertas has not stated a claim under the FDCPA . . . .

641 F.3d at 32-33 (footnote, citations and quotation marks omitted).[18] Nothing in the letter in question threatens litigation.

Plaintiff's argument that debt collectors must affirmatively state that debts are outside the applicable statute of limitations is not supported by the Act's requirement that a debt collector may not make a "false representation of . . . the . . . legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A). Silence regarding the expiration of the statute of limitations (especially when plaintiff was already aware the statute had expired) is not an actionable false representation of the legal status of a debt.[19] Defendant is entitled to summary judgment on plaintiff's §1692e

---

[18]*See also Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 615-16 (N.D.Ill. 2001) ("Plaintiff acknowledges that the letter at issue here did not threaten litigation. Thus, Plaintiff contends that, in attempting to collect a valid debt, CFC violated the FDCPA merely by sending a collection letter after the statute of limitations on the debt had expired. Indeed, at oral argument on this motion, Plaintiff's counsel acknowledged that, under his theory, a debt collector violates the statute when it attempts to collect on any debt subject to any defense, even where that defense is waivable. This court does not believe this theory is consistent with the letter or spirit of the FDCPA.")

[19]The authority relied upon by plaintiff is inapposite. In *Stepney v. Outsourcing Solutions, Inc.*, 1997 WL 722972, at *5 (N.D.Ill. Nov. 13, 1997), the Court denied a debt collector's motion to dismiss a deceptive collection practice claim because the debt in question was outside the statute of limitations but a letter sent by the debt collector warned of "further collection action" if the debt were not paid. The letter plaintiff relies on contains no similar warning regarding possible further collection action. *Taylor v. Unifund Corp.*, 1999 WL 33545372 (N.D.Ill. May 3, 1999) is an extremely terse opinion which does not set forth what representations were made by the debt collector regarding possible future litigation. Instead, the Court summarily concluded that it is fraudulent for a debt collector to represent that it could legally prevail in a lawsuit regarding a debt barred by the statute of limitations. *Taylor* has been criticized because it "did not detail the allegations in the complaint or the language of the collection letter at issue." *Walker*, 200 F.R.D. at 615. Accordingly, a court reviewing *Taylor* must "assume that a similar threat" was made in *Taylor* and *Stepney*. *See Walker*, 200 F.R.D. at 616. Since there was no threat of future collection action in the letter at issue, *Taylor* is inapplicable. Finally, as previously stated, the Court finds persuasive cases holding that it is not per se deceptive under the Act for a debt collector to attempt to collect a debt barred by the statute of limitations. *See Walker*, 200 F.R.D. at 616 (" To the extent that either *Stepney* or

claim.

### F. Costs Award

Having demonstrated that it is entitled to summary judgment on all of plaintiff's claims, defendant asks the Court to award it both costs and attorney fees under 15 U.S.C. §1692k(a)(3), which provides in relevant part that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees in relation to the work expended and costs."  The Court concludes that even though plaintiff's claims did not survive summary judgment they were not so far-fetched or lacking in a rational basis for potential recovery as to lead to the conclusion that they were brought in bad faith in order to harass defendant.  The Court therefore will not award costs under 15 U.S.C. §1692k(a)(3).

### III. Conclusion

For the foregoing reasons, it is **ORDERED**:

1. Defendant's motion for summary judgment [Doc. 18] is **granted**; and

2. A separate judgment shall issue herewith.

This the 4th  day of November, 2013            s/ J. Gregory Wehrman
                                               J. Gregory Wehrman
                                               United States Magistrate Judge

---

*Taylor* holds that it is a violation of the FDCPA to merely attempt to collect a time-barred debt, the court . . . respectfully disagrees.").